**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Benjamin Lynn WATTS, Defendant—
Appellant.**

No. 03–30228.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2004.[*]

Decided June 22, 2004.

Kirk A. Engdall, Esq., USEU–Office of the U.S. Attorney, Eugene, OR, for Plaintiff–Appellee.

Shaun S. McCrea, Esq., McCrea, P.C., Eugene, OR, for Defendant–Appellant.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, THOMAS and FISHER, Circuit Judges.

## MEMORANDUM **

Benjamin Lynn Watts appeals from his 78-month sentence following his guilty plea to manufacturing methamphetamine and being a felon in possession of a firearm. He contends that the district court erred under U.S.S.G. § 3B1.2 by denying Watts a two-point downward adjustment in sentence for his minor role in the methamphetamine manufacturing offense. We affirm.

The district court's determination that a defendant was not a minor participant in the offense is a factual determination reviewed for clear error. *United States v. Cordova Barajas,* 360 F.3d 1037, 1043 (9th Cir.2004). A downward adjustment based on minimal or minor role in the offense pursuant to section 3B1.2 is applicable only in exceptional circumstances. *Id.*

Watts contends that he was entitled to a minor role adjustment because he was less culpable than most other participants in the methamphetamine manufacturing conspiracy since his only involvement was allowing the motor home containing the lab to travel across his property, using some of the drugs, and allowing use of his electrical power.

■ The district court did not commit clear error in finding that while Watts was not one of the cooks for the lab, he was not substantially less culpable than the other defendants. The district court found his role significant because no manufacturing could have occurred without Watts, he was one of the first persons involved, and he continued to allow the manufacture to oc-

cur over a period of many months. *See United States v. Daychild,* 357 F.3d 1082, 1102–03 (9th Cir.2004) (no minor participant reduction for conduct that was at the center of the conspiracy).

■ Watts also contends that the district court erred when comparing his conduct to that of a co-conspirator, Daniel Coffman, who obtained a four-level downward adjustment for a minimal role in the offense. In rejecting Watts' argument that he should be allowed a minor role adjustment because he was no more culpable than Coffman, the district court did not clearly err by concluding that Coffman's conduct differed significantly from Watts' conduct. *United States v. Rojas–Millan,* 234 F.3d 464, 473 (9th Cir.2000).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

